UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
ERIC LYLE WILLIAMS,                                    :
:
Movant,                       :
:
-v-                              :
:
NBC UNIVERSAL MEDIA LLC,                                :
:
Respondent.                    :
:
------------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/29/2026

25-mc-00122 (LJL)

MEMORANDUM AND
ORDER

LEWIS J. LIMAN, United States District Judge:

Movant Eric Lyle Williams ("Williams") moves for a finding of civil contempt pursuant to Federal Rule of Civil Procedure 45 against Respondent NBC Universal Media, LLC ("NBCU").  Dkt. No. 29.  NBCU moves for a stay of any civil contempt sanction pending resolution of NBCU's appeal of the Court's August 25, 2025 Opinion and Order (the "August 2025 Order").  Dkt. No. 32.  Williams consents to NBCU's request for a stay.  *Id.*  For the following reasons, the motions are granted.  The Court holds NBCU in contempt and imposes contempt sanctions but stays the imposition of sanctions.

"A party may be held in civil contempt for failure to comply with a court order if '(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner.'"  *Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 655 (2d Cir. 2004) (quoting *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995)).  Here, the Court's August 2025 Order clearly required NBCU to comply with the subpoena with respect to the outtakes of the interview of Kim Williams.  *Williams v. NBC Univ. Media LLC*, 2025 WL 2437381, at *15 (S.D.N.Y. Aug. 25, 2025).

NBCU has expressly stated that it has no intention to comply with the order. *See* Dkt. No. 31 (counsel for Williams affirming that "NBC has confirmed to me[] that NBC does not intend to comply with this Court's August 25, 2025 order"); Dkt. No. 31-2 (letter from NBCU stating that "the only path to appeal is through NBC News declining to comply with the Court's Order . . . NBC News has no choice but to resist compliance"). The proof of noncompliance is therefore clear and convincing, and NBCU has acknowledged that it has made no attempts to comply. Williams's motion for contempt is therefore granted.

The Court will impose nominal contempt sanctions in the form of $1.00 per day until such time as NBCU complies with the August 2025 Order or is excused from doing so. "Civil contempt sanctions serve two purposes: to coerce a party into compliance, or to compensate the adverse parties for any losses suffered as a result of the lack of compliance." *1199 SEIU United Healthcare Workers E. v. Alaris Health at Hamilton Park*, 809 F. App'x 44, 45 (2d Cir 2020) (summary order); *accord Paramedics*, 369 F.3d at 657. NBCU's noncompliance is willful in that it is intentionally not complying with the Court's order, but its noncompliance is not out of disrespect for the law or the Court, as it seeks to appeal the August 2025 Order in good faith. *See* Dkt. No. 33 at 2. There has been no showing that any reasonable monetary sanction would either be necessary or sufficient for NBCU to comply. It has stated that it will not comply so that it can take an appeal on what it regards as a matter of principle, and it has indicated that if the Court's order is affirmed, it would not hesitate to comply with such order. *Id.* at 2 (NBCU affirming that "no sanction is required to ensure [NBCU's] compliance if its appeal efforts are unsuccessful."). Williams does not assert that he would suffer any loss from NBCU's failure to comply during the duration of an appeal. A sanction of greater severity than $1.00 per day is thus inappropriate.

2

Upon a finding of contempt, NBCU seeks a stay of the imposition of sanctions pending appeal of the August 2025 Order. Dkt. No. 32. "Four criteria are relevant in considering whether to issue a stay of an order of a district court . . . pending appeal: the likelihood of success on the merits, irreparable injury if a stay is denied, substantial injury to the party opposing a stay if one is issued, and the public interest." *Mohammed v. Reno*, 309 F.3d 95, 100 (2d Cir. 2002); *accord Mahdawi v. Trump*, 136 F.4th 443, 449 (2d Cir. 2025). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433–34 (2009). "It is well established that the first two factors are the most critical, and that both must be satisfied." *Mahdawi*, 136 F.4th at 449 (internal citations and quotations omitted).

A stay of contempt sanctions is warranted. The first factor, likelihood of success, weighs against NBCU, as the Second Circuit would need to decide that the Court's granting of the motion to compel constituted an abuse of discretion, *see In re Fitch, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003) ("Motions to compel . . . are [] entrusted to the sound discretion of the district court . . . [and] are reversed only upon a clear showing of an abuse of discretion." (internal citations and quotation marks omitted)), and, as the Court explained in denying interlocutory appeal, the August 2025 Order "did not depart from the rulings of the Circuit or other district courts" in regard to the journalist's privilege, *Williams v. NBC Univ. Media LLC*, 2026 WL 986271, at *3 (S.D.N.Y. Apr. 13, 2026). However, the other factors favor a stay. The second factor, irreparable harm, weighs modestly in favor of NBCU. NBCU's interest in protecting a non-confidential source is different from its interest in protecting a confidential source. The non-confidential source presumably has no residual interest in protection of privacy. She spoke to the press with the understanding that her name and interview would be disclosed; there is no

indication that she received any residual assurance that any information she disclosed would not be used or that any information not used would be kept confidential.  NBCU's interest is a more amorphous and generalized one.  "If the parties to any lawsuit were free to subpoena the press at will, it would likely become standard operating procedure for those litigating against an entity that had been the subject of press attention to sift through press files in search of information supporting their claims," with the attendant burdens on the press that subpoena compliance would entail.  *Gonzales v. Nat'l Broad. Co.*, 194 F.3d 29, 35 (2d Cir. 1999).  Still, the Court recognizes that if the Court did not issue a stay, NBCU would not get the second-look at the Court's discovery decision it seeks and that, at least prior to *Gonzales*, it was routine that stays be granted in similar cases.  *See, e.g.*, *In re Application to Quash Subpoena to Nat. Broadcasting Co., Inc.*, 79 F.3d 346, 350 (2d Cir. 1996) (Second Circuit granting motion for stay of imposition of sanctions for failure to comply with subpoena that sought outtakes of interviews with named interviewees from Dateline episode); *United States v. Cutler*, 6 F.3d 67, 70 (2d Cir. 1993) (district court staying imposition of sanctions pending appeal where criminal defense attorney subpoenaed a television station's outtakes of his own statements and station refused to comply).

As to the third and fourth factors, Williams asserts no injury from a stay, *see* Dkt. No. 31 (seeking no damages from failure to comply), and the public interest in allowing NBCU to have the opportunity for an appellate court to review the Court's decision, given the First Amendment values at issue, is not outweighed by any countervailing interests.  If a stay is not granted, NBCU's ability to appeal will be frustrated.  It is telling that Williams consents to a stay of sanctions.  Dkt. No. 32.

Williams's motion for a finding of contempt is GRANTED.  The Court imposes nominal sanctions on NBCU in the form of $1.00 per day of continued noncompliance, but stays the imposition of sanctions pending the Second Circuit's review of the August 2025 Order.

The Clerk of Court is respectfully directed to close Dkt. Nos. 29 and 32.

SO ORDERED.

Dated: April 29, 2026
    New York, New York

_____
                LEWIS J. LIMAN
            United States District Judge

5